UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                           Case No.  10-71497-ast

Rand International Leisure Products, LLC,                      Involuntary Chapter 7

                              Alleged Debtor.
-------------------------------------------------------------X

## DECISION AND ORDER REGARDING MOTION TO
## AUTHORIZE VIDEO TESTIMONY

      Pending before the Court is the Motion to Authorize/Direct Witnesses to Testify at Trial Via Video Conference (the "Video Motion"), filed on June 8, 2010, by Century Sports, Inc., Executive Importers, LLC, Allen Goldmeier, Steven Goldmeier (collectively, the "Goldmeiers"). [dkt item 75]  By the Video Motion, the Goldmeiers seek authority to present various witnesses via video conference at the trial on the involuntary petition filed herein against Rand International Leisure Products, LLC, as alleged debtor ("Alleged Debtor").

      On June 8, 2010, this Court conducted a final pretrial conference on the involuntary petition filed herein, such final pretrial conference having been set pursuant to this Court's Scheduling Order entered on April 27, 2010 (the "Scheduling Order"). [dkt item 16]  The Court established June 11, 2010, as the response date for the Alleged Debtor to respond to the Video Motion.  A timely response was filed on June 9, 2010. [dkt item 94]  That same day, the Goldmeiers filed a reply. [dkt item 97]  The trial on the involuntary had been set to commence on June 16, 2010, but the trial has been adjourned to June 18, 2010 to allow time for argument to be presented on various potentially dispositive motions filed by the Alleged Debtor, to address a discovery dispute, and to address the Video Motion.

The Goldmeiers seek to present video testimony of the following petitioning creditors, who are identified along with their location and the time difference between their proposed appearance venue and this Court:

| Creditor | Location | Time Difference |
|---|---|---|
| Sales Chief Ent. (Hong Kong) Co., Ltd. | Taipei, Taiwan | 12 Hours |
| G Squared Promotion Ltd. | Ontario, Canada | None (Eastern Time) |
| KKG, Inc. | Kansas City, Missouri | 1 Hour (Central Time) |
| L.V. International | Buena Part, California | 3 Hours (Pacific Time) |

The Goldmeiers also seek to present rebuttal testimony from Industrial Thermo Polymers Ltd. and Tim Bellows/Millennium Marketing by video conference. The Goldmeiers allege that these rebuttal witnesses "are out of state and beyond the subpoena range of the Court. They have not yet committed to testify, and the only way that they would be willing to do so is if they were not to incur the cost of traveling." [dkt item 97 ¶ 7]

For the reasons herein, the Video Motion is granted, subject to the safeguards set forth herein.[1]

## Procedural Background

As the Alleged Debtor correctly notes, the Scheduling Order required the petitioning creditors to submit their direct testimony in advance of trial. Sales Chief Ent. (Hong Kong) Co. Ltd., G Squared Promotion Ltd., KKG, Inc., and L.V. International, are each petitioning creditors.

The Scheduling Order required, *inter alia*, as follows:

### Direct Testimony by Affidavit:

---

[1] This is a procedural ruling only and without prejudice to this Court's consideration of the Alleged Debtor's pending potentially dispositive motions.

> 3. The parties shall submit any direct testimony from themselves and any witness under their control (including experts) by Affidavit signed by the witness(es). Affidavits shall be filed with the Court no later than **June 9, 2010 at noon**; copies of the filed Affidavits shall be served upon the opposing party(or parties) by facsimile, electronic mail, or first-class mail contemporaneously with the filing of same with the Court. Any witness for whom an Affidavit of direct testimony has been filed must appear at the Trial for cross-examination. Any objection to any portion of a witness Affidavit, including evidentiary objections, shall be filed no later than **June 14, 2010 at noon**
>
> Nothing contained herein, however, shall limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure.

[dkt item 16]

All of the petitioning creditors were put on notice that compliance with the Scheduling Order was required:

> **Sanctions for Non-Compliance:**
>
> 10. Failure to strictly comply with any of the provisions of this Order may result in the automatic entry of a dismissal, sanctions, a default, or other relief as the circumstances warrant, in accordance with Rule 16 of the Federal Rules of Civil Procedure, as incorporated by Rules 7016 and 9014 of the Federal Rules of Bankruptcy Procedure.

[dkt item 16]

The Goldmeiers were required to serve the Scheduling Order on all of the parties who were then petitioning creditors:[2]

> 11. Counsel for Petitioning Creditors Century Sports, Inc., Allen Goldmeier and Steven Goldmeier shall serve a copy of this Order within three (3) business days of entry upon each of the remaining Petitioning Creditors and the Alleged Debtor, and shall file an affirmation of service within three (3) days thereafter.

[dkt item 16]

---

[2] As is noted, *infra,* the petitioning creditor body has changed from those who signed the original involuntary petition.

An Amended Involuntary Petition was filed against the Alleged Debtor on May 14, 2010. [dkt item 45] The Amended Involuntary Petition deleted petitioning creditors Matang Gonzales, Club Marketing Services, and Design Edge, Inc., and added Cookie Jar Entertainment, Inc. On May 17, 2010, this Court entered an Order which provides, *inter alia*, as follows:

> ORDERED, that by 5 p.m. on May 17, 2010, Counsel for the Petitioning Creditors shall serve a copy of this Order and the Amended Involuntary Petition upon the Alleged Debtor, counsel for the Alleged Debtor, the Office of the United States Trustee, and the Petitioning Creditors, and file an affidavit of such service; and it is further
>
> ORDERED, that any response to the Amended Involuntary Petition ("Response") shall be filed by May 21, 2010.

[dkt item 47] The parties agreed to extend the Alleged Debtor's time to respond to the Amended Involuntary Petition until May 25, 2010, which extension this Court approved. [dkt item 52]

The Scheduling Order was amended on May 17, 2010, as the result of one of a series of discovery disputes between the Goldmeiers and the Alleged Debtor (the "Supplemental Order"). [dkt item 48] The Supplemental Order provides, *inter alia*, as follows:

> ORDERED, that the remaining dates established by this Court's Scheduling Order dated April 27, 2010 [dkt item 16] shall remain in effect; and it is further
>
> ORDERED, that this Court may treat any failure to comply with this Order and/or the April 27 Order as a contempt of court, and subject to the remedies provided in Rule 37(b)(2), including, but not limited to, striking the involuntary Petitioning filed by Petitioning Creditors, and/or striking the answer filed by the Alleged Debtor[.]

[dkt item 48, p.3] The Supplemental Order was served on all of the then petitioning creditors.

Although the Alleged Debtor did move to dismiss the Amended Involuntary Petition, it did not oppose the deletion and addition of petitioning creditors. Thus, on June 1, 2010, this Court entered an Order which provides, *inter alia*, as follows:

> The Petitioning Creditors are now: Cookie Jar Entertainment, Inc., Bargain Furniture Inc.,Century Sports, Inc., Executive Importers, LLC, G Squared Promotion Ltd., Allen Goldmeier, Steven Goldmeier, KKG, Inc. d/b/a Kendal King Group, L.V. International, Joseph Sandbrook, and Sales Chief Ent. (Hong Kong) Co., Ltd. (collectively, "Petitioning Creditors").

[dkt item 62]

### **Discussion**

The Alleged Debtor asserts that allowing testimony via video conference for any of the petitioning creditors would violate this Court's requirement that persons submitting direct testimony affidavits must "appear" at trial for cross examination. This is incorrect in two respects. First, the Scheduling Order expressly provides that the direct testimony by affidavit requirement does not limit the applicability of Rule 7032 of the Federal Rules of Bankruptcy Procedure, which allows depositions to be used in lieu of live trial testimony under certain circumstances. *See* FED. R. BANKR. P. 7032. Here, had the petitioning creditors made the subject of the Video Motion been deposed in advance of trial, those depositions could have been used pursuant to Rule 32(a)(4)(B) of the Federal Rules of Civil Procedure, if Rule 32(a) had been satisfied. *See* FED. R. CIV. P. 32.

Second, appearance in court from a location other than the courtroom is permitted. Rule 9017 of the Federal Rules of Bankruptcy Procedure incorporates Rule 43 of the Federal Rules of Civil Procedure. Rule 43 provides in relevant part:

> TAKING OF TESTIMONY
> (a) IN OPEN COURT: At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

FED. R. CIV. P. 43(a). Thus, a video conference appearance under Rule 43 is an appearance at

trial in open court. Upon a showing of good cause, and satisfaction of the requirements of compelling circumstances and with appropriate safeguards, this Court may permit witnesses to appear at trial by video conference.

The Goldmeiers correctly argue that this Court has discretion to allow video appearance where a witness is outside the subpoena range of the Court, and that this case is quite different from the case relied upon by the Alleged Debtor in its opposition to the Video Motion, *In re Emanuel*, 406 B.R. 634 (Bankr. S.D.N.Y. 2009). In *Emanuel*, the court denied a video appearance request under the following circumstances:

> Kenneth Heller, a disbarred attorney seeking to recover legal fees in this case, has requested the right to testify by video teleconference at the hearing to determine his claim. Heller appears to be a fugitive from justice, and fears that if he attends the hearing, he will be arrested.

*Emanuel*, 406 B.R. at 635. Judge Bernstein denied the request, stating as follows:

> [H]is inability to travel to the Bowling Green Courthouse is not due to unexpected or health-related reasons. In fact, Heller is prepared to come here if he is granted immunity from arrest. Rather, Heller is a fugitive, guilty of contempt, who fled New York to avoid the punishment meted out by a state trial judge and affirmed unanimously by the Appellate Division. The only justification he offers is his fear of arrest, and his reason is neither good nor compelling.

*Id.* at 637.

The Goldmeiers have met their burden with respect to petitioning creditors Sales Chief Ent. (Hong Kong) Co. Ltd., G Squared Promotion Ltd., KKG, Inc., and L.V. International. These parties timely submitted their direct testimony in advance of trial by affidavit. [dkt items 86, 88, 89, 93, 95] These parties are proposed as qualifying petitioning creditors in accordance with Section 303(b)(1) of the Bankruptcy Code, and as to whom, *inter alia*, this Court may be required to make a finding after trial as to whether they hold a claim "that is not contingent as to liability

or the subject of a bona fide dispute as to liability or amount . . ..." 11 U.S.C. § 303(b)(1).

As noted above, Sales Chief Ent. (Hong Kong) Co. Ltd. (Ellen Liu) is in Taipei, Taiwan, which is over 7,800 miles from Central Islip, New York. G Squared (George Gross) is in Ontario, Canada, which, although less than 500 miles away, would require international travel. KKG (Scott King) is in Kansas City, Missouri, which is over 1,100 miles from the courthouse. Finally, LV International ( Louis Umana) is in Buena Park, California, which is approximately 2,482 miles from the courthouse. To require these witnesses to travel to this Court would be an undue burden on them and is a compelling circumstance. With video technology, this Court can observe the witnesses' demeanor and the Alleged Debtor can vigorously cross examine them on the direct testimony already submitted by affidavit.

The fact that the Alleged Debtor could have taken their depositions is also helpful in this analysis. The Goldmeiers assert that "depositions of each petitioning creditor were actually set up on various dates at the specific instance and request of [the Alleged Debtor's Counsel] Mr. Pick. Mr. Pick had the chance to 'observe' the demeanor of each witness already, but voluntarily chose not to make that observation. None of the depositions were [sic] taken by the Alleged Debtor, having been cancelled by Mr. Pick telling us only hours before the deposition was to take place that he did not intend to proceed." [dkt item 97 ¶ 6]

Moreover, this Court specifically provided in its Supplement Order of May 17 that any petitioning creditors who were outside of New York could have been deposed by deposition that was to be video taped:

> ORDERED, that Counsel to the Petitioning Creditors will coordinate with counsel to the Alleged Debtor with possible dates and times for the depositions of the respective Petitioning Creditors to be taken between May 17, 2010 and June 4, 2010; Counsel to the Petitioning Creditors will advise on or before May 14, 2010, if any Petitioning Creditors will be in New York

> between those dates and will make best efforts to have such Petitioning Creditors appear in New York for each deposition at such location as counsel and the witness may mutually agree; if an agreement is not reached, the deposition(s) shall be conducted in an attorney lounge/conference room on the 9th floor at the United States Bankruptcy Court, 290 Federal Plaza, Central Islip, New York; and it is further
>
> ORDERED, that if any Petitioning Creditors cannot appear in New York, then counsel for the Alleged Debtor may elect to video tape a deposition or, alternatively, may take the examination at the principal place of business of the Petitioning Creditors[.]

[dkt item 48, p.3]

Therefore, as to petitioning creditors Sales Chief Ent. (Hong Kong) Co. Ltd., G Squared Promotion Ltd., KKG, Inc., and L.V. International, the Video Motion is granted, subject to the safeguards below.

As to rebuttal witnesses Industrial Thermo Polymers Ltd. and Tim Bellows/Millennium Marketing, the Court also finds cause exists to grant the Video Motion, upon satisfaction of appropriate safeguards. Their direct testimony was not required to be filed and exchanged in advance of trial pursuant to this Court's Scheduling Order. To require these rebuttal witnesses to travel great distances to this Court would be an undue burden on them. With video technology, this Court can observe their demeanor, and the Alleged Debtor can vigorously cross examine them.

Thus, the Video Motion is granted, subject to the following safeguards:

1. The Goldmeiers shall, by **noon on Thursday, June 17, 2010**, provide to the Alleged Debtor the addresses to which the Alleged Debtor may deliver any documents to any of the witnesses it may wish to present during cross examination;

2. As to all witnesses made the subject of this Order, by **Monday, June 21, 2010**, the Goldmeiers shall provide the Alleged Debtor and each witness with any exhibits which either the witness has identified in its direct testimony affidavit, or may reasonably be expected to be used in rebuttal;

3. No video conference witness shall testify prior to **8:30 a.m.** on the second day of trial, which will be **Friday, June 25, 2010**; any documents which the Alleged Debtor wishes to use to cross-examine the witness must be delivered to the witnesses, served on the Goldmeiers, and provided to this Court prior to **Friday, June 25, 2010**;

4. The Goldmeiers are responsible for all costs associated with the establishment of any video conference connections;

5. The video conference protocols and technical requirements must be demonstrated by the Goldmeiers to be compatible with this Court's protocols and technical requirements;[3]

6. No person other than the video conference operator and, if necessary, a certified translator, may be present in the room with any witness during the time that they testify, nor may any person be in communication with said witness during their testimony, other than the Court and the examining attorneys; an attorney or legal representative of the witness may be present for the sole purpose of interposing any lawful objections to any questions posed by an examining attorney, but such attorney or legal representative of the witness may not confer with the witness once examination has begun until after all testimony has been taken; and

7. With respect to each witness, if any loss of the video conference connection occurs, causing a loss of audio and/or video during the trial, on the third such occurrence, the video conference shall be immediately terminated; the third outage shall be treated as a violation of the Scheduling Order as well as the Amended Scheduling Order, all testimony taken, including that witness's direct testimony affidavit, shall be stricken from the trial record.

In addition, as to the rebuttal witnesses, the Goldmeiers are required to file and serve an affidavit or affirmation by **Monday, June 21, 2010**, listing the name of the specific proposed witnesses and identifying the primary office from which the specific proposed witnesses work, in order for this Court to ascertain whether each is outside the subpoena range established under Rule 9016(b)(1), (2) of the Federal Rules of Bankruptcy Procedure. If any rebuttal witness is

---

[3] The Court notes the parties were advised at the June 8, 2010, pretrial conference that they would need to test the video conference connections while the Video Motion was under consideration. [June 8, 2010 Hrg. at 3:22:43] The Court then made the courtroom and its technical representative available on Wednesday, June 16, 2010, at 8:00 a.m. to test the efficacy of the video technology.

within the subpoena range under Rule 9016(b)(1) or (2), a video conference will not be permitted for that witness.

|  |  |  |
|---|---|---|
| **Dated: June 16, 2010**<br>**Central Islip, New York** | [Seal: United States Bankruptcy Court, Eastern District of New York] | _/s/ Alan S. Trust_<br>**Alan S. Trust**<br>**United States Bankruptcy Judge** |

Video Appearance Decision and Order - p. 10