UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                      Case No.  10-71497-ast

Rand International Leisure Products, LLC,                 Involuntary Chapter 7

                              Alleged Debtor.
------------------------------------------------------------X

## DECISION AND ORDER DENYING MOTION FOR SUMMARY JUDGMENT

        Pending before the Court is the Motion for Summary Judgment or, Alternatively, for

Abstention Dismissing Voluntary Petition (the "Motion") [dkt item 26], filed on May 6, 2010, by

Rand International Leisure Products, LLC, as alleged debtor ("Alleged Debtor"), as well as

evidence in support thereof.  Also pending is the Motion to Dismiss Amended Involuntary

Chapter 7 Petition filed on May 25, 2010, by the Alleged Debtor (the "Dismissal Motion"). [dkt

item 56]  Responses have been filed by Century Sports, Inc., Executive Importers, LLC, Allen

Goldmeier and Steven Goldmeier (collectively, the "Goldmeiers"), and various replies have also

been filed. [dkt items 69-73]  This Court conducted a hearing on the Motion and the Dismissal

Motion on June 16, 2010.

        By the Motion, the Alleged Debtor seeks summary judgment dismissing this involuntary

petition, or, in the alternative, requests this Court abstain from hearing this bankruptcy case.  By

the Dismissal Motion, the Alleged Debtor seeks dismissal of this involuntary petition, essentially

for alleged bad faith by the petitioning creditors, and also by arguing for abstention.  For the

reasons herein, this Court denies the request for summary judgment and defers ruling on the

requests for abstention and dismissal.

**Procedural History**

On March 8, 2010, an Involuntary Petition under Chapter 7 of the Bankruptcy Code was filed against the Alleged Debtor by various petitioning creditors. [dkt item 1]  As the result thereof, on April 2, 2010, this Court entered an Order directing the Alleged Debtor and its counsel, the petitioning creditors and their counsel, if any, to appear at a pretrial conference April 14, 2010. [dkt item 7]  As a result of the pretrial conference, this Court issued a Scheduling Order on April 27, 2010, which established various discovery deadlines, and scheduled a trial to commence on June 16, 2010  (the "Scheduling Order"). [dkt item 16]  The Goldmeiers were required to serve the Scheduling Order upon all of the parties who were then petitioning creditors:[1]

> 11.    Counsel for Petitioning Creditors Century Sports, Inc., Allen Goldmeier and Steven Goldmeier shall serve a copy of this Order within three (3) business days of entry upon each of the remaining Petitioning Creditors and the  Alleged Debtor, and shall file an affirmation of service within three (3) days thereafter.

[dkt item 16][2]

An Amended Involuntary Petition was filed against the Alleged Debtor on May 14, 2010. [dkt item 45]  The Amended Involuntary Petition deleted petitioning creditors Matang Gonzales, Club Marketing Services, and Design Edge, Inc., and added Cookie Jar Entertainment, Inc.  On May 17, 2010, this Court entered an Order which provides, *inter alia*, as follows:

> ORDERED, that by 5 p.m. on May 17, 2010, Counsel for the Petitioning Creditors shall serve a copy of this Order and the

---

[1] As is noted, *infra,* the petitioning creditor body has changed from those who signed the original involuntary petition.

[2] The trial has been adjourned to June 18, 2010, to allow time for argument to be presented on the motions addressed herein, as well as to address a discovery dispute and a video appearance motion.  The video appearance motion has been resolved by a Decision and Order entered June 16, 2010. [dkt item 118]

> Amended Involuntary Petition upon the Alleged Debtor, counsel for the Alleged Debtor, the Office of the United States Trustee, and the Petitioning Creditors, and file an affidavit of such service; and it is further
>
> ORDERED, that any response to the Amended Involuntary Petition ("Response") shall be filed by May 21, 2010.

[dkt item 47]  The parties agreed to extend the Alleged Debtor's time to respond to the Amended Involuntary Petition until May 25, 2010, which extension this Court approved. [dkt item 52]

The Scheduling Order was amended on May 17, 2010, as the result of one of a series of discovery disputes between the Goldmeiers and the Alleged Debtor (the "Supplemental Order"). [dkt item 48]  The Supplemental Order provides, *inter alia*, as follows:

> ORDERED, that the remaining dates established by this Court's Scheduling Order dated April 27, 2010 [dkt item 16] shall remain in effect; and it is further
>
> ORDERED, that this Court may treat any failure to comply with this Order and/or the April 27 Order as a contempt of court, and subject to the remedies provided in Rule 37(b)(2), including, but not limited to, striking the involuntary Petitioning filed by Petitioning Creditors, and/or striking the answer filed by the Alleged Debtor[.]

[dkt item 48, p.3]  The Supplemental Order was served upon all of the then petitioning creditors.

Although the Alleged Debtor did move to dismiss the Amended Involuntary Petition, it did not oppose the deletion and addition of petitioning creditors.  Thus, on June 1, 2010, this Court entered an Order which provides, *inter alia*, as follows:

> The Petitioning Creditors are now: Cookie Jar Entertainment, Inc., Bargain Furniture Inc.,Century Sports, Inc., Executive Importers, LLC, G Squared Promotion Ltd., Allen Goldmeier, Steven Goldmeier, KKG, Inc. d/b/a Kendal King Group, L.V. International, Joseph Sandbrook, and Sales Chief Ent. (Hong Kong) Co., Ltd. (collectively, "Petitioning Creditors").

[dkt item 62]

## Discussion

## The Standard for Summary Judgment

Pursuant to Rule 56© of the Federal Rules of Civil Procedure ("FRCP") , incorporated by Rule 7056 © of the Federal Rules of Bankruptcy Procedure ("FRBP"), summary judgment should be granted to the moving party if the Court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FRCP 56 ©).

A movant has the initial burden of establishing the absence of any genuine issue of material fact. *Celotex*, 477 U.S. at 322-23. A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "When summary judgment is sought, the moving party bears an initial burden of demonstrating that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue; the failure to meet this burden warrants denial of the motion." *Smith v. Goord*, No. 9:06-CV-401(FJS/DEP), 2008 WL 902184 *4 (N.D.N.Y. Mar. 31, 2008) (citing *Anderson*, 477 U.S. at 250 n.4).

If the movant meets its initial burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, it must present "significant probative evidence" that a genuine issue of fact exists. *Anderson*, 477 U.S. at 249 (quotation omitted). "There is no issue for trial unless there exists sufficient evidence in the record favoring

the party opposing summary judgment to support a jury verdict in that party's favor." *Cadle Co.*

*v. Newhouse*, No. 01 Civ. 1777(DC), 2002 WL 1888716 *4 (S.D.N.Y. 2002) (citing *Anderson*,

477 U.S. at 249); *see also Anderson*, 477 U.S. at 250 (finding that summary judgment is

appropriate only when "there can be but one reasonable conclusion as to the verdict").

Summary judgment is a proper procedural device to utilize to seek dismissal of an

involuntary petition. *See In re Arminian*, No. 07-12957 (AJG), 2008 WL 793574 (Bankr.

S.D.N.Y. 2008)(addressing cross motions for summary judgment to enter an order for relief on

dismiss an involuntary petition).

### The Summary Judgment Standard as Applied to this Involuntary Petition

The filing of an involuntary petition is governed by 11 U.S.C. § 303. Section 303

provides in pertinent part:

> (b) An involuntary case against a person is commenced by the filing with the
> bankruptcy court of a petition under chapter 7 or 11
> of this title -
>
> (1) by three of more entities, each of which is either a holder
> of a claim against a person that is not contingent as to
> liability or the subject of a bona fide dispute as to liability
> and amount... if such noncontingent undisputed claims
> aggregate at least $13,475 more than the value of any lien
> on property of the debtor securing such claims held by the
> holders of such claims;

11 U.S.C. § 303(b); *see also In re Ishaky*, No. 09-40387 (DEM), 2010 WL 935572 *2 (Bankr.

E.D.N.Y. Mar. 11, 2010).

The Alleged Debtor asserts that it has demonstrated that there is no genuine issue of

material fact and that it has proven as a matter of law that there are less than three petitioning

creditors who hold claims against it that are not contingent as to liability or the subject of a bona

fide dispute as to liability and amount, in accordance with Section 303(b)(1).  The Alleged Debtor

does not seek summary judgment on the basis that it is generally paying its debts as they come

due, unless such debts are the subject of  a bona fide dispute as to liability or amount, in

accordance with Section 303(h)(1) .

      The standard of proof required to demonstrate the existence of a bona fide dispute is

discussed well in *Ishaky*:

> The Court of Appeals for the Second Circuit adopted an "objective test" to
> define the term "bona fide dispute." *Key Mechanical, Inc. v. BDC 56 LLC* (In
> re BDC 56 LLC), 330 F. 3d 111, 118 (2d. Cir. 2003). To determine whether
> a *bona fide* dispute exists, the bankruptcy court 'must determine whether there
> is an objective basis for either a factual or a legal dispute as to the validity of
> [the] debt.' *Id.* at 117. The objective standard allows a creditor to be
> disqualified whenever there is any legitimate basis for the debtor not paying
> the debt, factual or legal. The Bankruptcy Abuse Prevention and Consumer
> Protection Act of 2005 ("BAPCPA") amended Section 303 and expanded the
> issue of a *bona fide* dispute to encompass not only issues of liability but also
> issues of the amount owed.
>
> When applying the objective test, the Second Circuit also adopted a burden
> shifting framework. *In re BDC 56 LLC*, 330 F. 3d at 118. A petitioning
> creditor must first establish a *prima face* [sic] case that no *bona fide* dispute
> exists before the burden shifts to the debtor. See id. "Because the standard is
> objective, neither the debtor's subjective intent nor his subjective belief is
> sufficient to meet this burden." *Id.*

*Ishaky*, No. 09-40387 (DEM), 2010 WL 935572 at *3 (some internal citations omitted); *see also*

*Arminian*, No. 07-12957 (AJG), 2008 WL 793574 at *2 (acknowledging that "in order to qualify

as a petitioning creditor, the creditor must hold a claim that is 'not contingent as to liability or the

subject of a bona fide dispute as to liability or amount.' A creditor must satisfy both prongs of this

test; the claim must not be subject to a bona fide dispute as to either liability or a dispute as to

amount."); *In re Mountain Dairies*, 372 B.R. 623 (Bankr. S.D.N.Y. 2007).

      After due consideration of the pleadings and evidence properly submitted, this Court has

concluded that the Alleged Debtor has not met its summary judgment burden. Issues of fact exist that can only be resolved by determinations after a trial on the merits. Therefore, the portion of the Motion seeking summary judgment dismissing the involuntary will be denied. However, this is a summary judgment decision only; this Court reserves until after trial the issues as to which petitioning creditors, if any, hold claims that satisfy the requirements of Section 303(b)(1). Moreover, this Court has not determined that, as a matter of law, any of the petitioning creditors have established a prima facie case that no bona fide dispute exists, thus shifting the burden to the Alleged Debtor in accordance with *BDC*. *See In re BDC 56 LLC*, 330 F. 3d 111, 118 (2d Cir. 2002). That determination will be made after the close of the petitioning creditors case-in-chief.

For the foregoing reasons, it is hereby

ORDERED, that the Alleged Debtor's Motion for Summary Judgment is DENIED.

## Abstention and Dismissal

This Court will defer ruling on the Alleged Debtor's requests for dismissal and abstention, with the exception of the Alleged Debtor's request for dismissal under Rule 7012 of the FRBP, incorporating Rule 12 of the FRCP. On a motion seeking dismissal under FRCP 12(b)(6) motion, a court is to accept as true all factual allegations in the complaint and draw all inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Caplaw Enters.*, 448 F.3d at 521. The involuntary petition before this Court satisfies the plausibility requirement**.** Thus, the motion under FRCP 12(b)(6) is denied.

This Court also denies the Alleged Debtor's claim or allegation that this Court lacks jurisdiction over the involuntary petition under FRCP 12(b)(1) because it was not properly signed. The involuntary petition has been properly signed and/or ratified. In accordance with

FRCP 83 and FRBP 5005(a)(2) and 9029, this Court has established practices and procedures for the filing, signing, and verification of documents by electronic means.  *See* United States Bankruptcy Court for the Eastern District of New York General Order No. 559, Revised Electronic Means for Filing, Signing and Electronic Filing Procedures Verification of Documents (the "Electronic Order").  This Electronic Order, signed April 23, 2010, and immediately made effective, applies to all bankruptcy cases and adversary proceedings pending on or after the effective date of April 23, 2010.  Although the original involuntary petition was filed prior to the effective date of the Electronic Order, and therefore subject to the prior electronic order procedures under Revised General Order No. 473, the amended petition before the Court was filed thereafter, and is signed [/s] in conformity with the Electronic Order.  Thus, the motion under FRCP 12(b)(1) is also denied.

Based upon the evidence before the Court on the nondilatory request for dismissal and the request for abstention, and the arguments made at the hearing, a plausible argument exists that this involuntary petition filing was engineered to continue what was essentially a two-party dispute between the Goldmeiers and the Alleged Debtors, and to seek relief from this forum that which was essentially denied in the state court.  The parties acknowledge, and the evidence establishes, the existence of a state court litigation between the Goldmeiers and the Alleged Debtor. *See Allen Goldmeier et al. v.  Rand Int'l Leisure Prods., LLC et al.,* Index No. 1315/2010, Nassau County, New York (the "State Action").  These parties pursued motion practice before the State Court, and the Goldmeiers sought injunctive relief and orders of seizure of the Alleged Debtor's assets.  After a contested hearing, the State Court issued a seventeen-page decision denying injunctive relief as sought by the Goldmeiers, and denying dismissal of the State Action as sought by the Alleged Debtor.  The Alleged Debtor asserts that denial of the injunctive

relief before the state court was the catalyst for the Goldmeiers to forum shop and file the current involuntary petition before this Court.  Rather than appeal the denial of injunctive relief, the Goldmeiers have argued that the state court was wrong in its ruling, and that relief before this Court would be more expedient.

A bankruptcy court can abstain from hearing an involuntary case if the involuntary filing is essentially the result of an ongoing two-party dispute and/or abstention is otherwise appropriate under Section 305. *See Mountain Dairies*, 372 B.R. at 634-36.  A plausible basis to consider such relief has been established.  This does not suggest, however, that the Alleged Debtor's conduct has been pristine.  This Court has been presented with evidence that, subsequent to the filing of this involuntary case, four lawsuits have been filed by the Alleged Debtor against various petitioning creditors.

However, based upon the foregoing, this Court will defer on ruling on the requests for abstention and dismissal, other than under FRCP 12.

**Dated: June 18, 2010**
**Central Islip, New York**

**Alan S. Trust**
**United States Bankruptcy Judge**